UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY A. BARTHOLOMEW,                    )<br>                                                             )<br>                    Petitioner,             )<br>v.                                                          )<br>                                                             )<br>KATHY MENDOZA-POWERS, Warden,  )<br>                                                             )<br>                    Respondent.           )<br>_____) | Civil No.08cv1270-IEG (NLS)<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS** |

This Report and Recommendation is submitted to United States District Judge Irma E. Gonzalez pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California.

## I. FEDERAL PROCEEDINGS

Troy A. Bartholomew (hereinafter "Petitioner") is a California prisoner proceeding pro se with a Petition for a Writ of Habeas Corpus ("Pet.") pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Petitioner challenges the Board of Parole Hearings' ("Board") decision of November 14, 2006 denying parole. (Lodgement Number 3, Court of Appeals Petition at pp 42-48).[1]  Petitioner alleges that his confinement without being granted parole after his minimum eligible parole date has elapsed violates his due process

//

---

[1] A portion of the decision is also attached to Lodgement number 1, Superior Court Petition, but pages of the record and decision are missing from Lodgement number 1.

and equal protection rights under the United States Constitution.[2]  Plaintiff claims that the Board "[f]ailed to conduct a fair and balance [sic] duly considered individualized consideration hearing for Petitioner [sic] individualized case factors; which did not add to further seriousness of the convicted offense; violating the Sixth Amendment, Fourteenth Amendment and the State and Federal Equal Protection Clause." (Pet. at 6- 6a.).  Petitioner claims that the decision deprived him of his liberty interest in release on parole.

Respondent Kathy Mendoza-Power ("Respondent") filed the Motion to Dismiss Writ of Habeas Corpus, currently before the Court.  Respondent argues that Petitioner has failed to exhaust his available state judicial remedies as to his Equal Protection claim and, therefore, the Petition is mixed and must be dismissed.  Respondent argues in the alternative that Petitioner's Equal Protection claim must be dismissed for failure to allege sufficient facts to state an actionable claim for habeas corpus relief, and to the extent Petitioner claims Equal Protection rights under the State Constitution, such claim fails to allege a Federal question. (Respondent's Motion  at 2.)

## II. FACTUAL BACKGROUND

On June 25, 1991, Dr. Hassim Seedat granted Petitioner's request for a ride to work.  (Superior Court Petition ("Sup. Ct. Pet.", Lodgement Number 1 at 2.)  After Dr. Seedat stopped for gas, Petitioner pointed a gun at him and said "pow".  Petitioner then said it was only a cap gun and he was only trying to scare Seedat.  After Seedat pulled away from the gas station, Petition again pulled out the gun and shot Seedat five times, hitting him in the arm, shoulder, jaw, and back of the head.  The police found Petitioner hiding in a linen closet and arrested him.  (Sup. Ct. Pet, Statement of Case at 2.)  Petitioner was tried by a jury and found guilty of attempted first degree murder with great bodily injury, gun use, and prior enhancement.  Plaintiff was convicted on November 15, 1991 and sentenced on December 26, 1991 to an indeterminate term of seven years to life, plus twelve years.  (*Id.* at 2.).

Petitioner appealed his conviction, claiming that the trial court erred in excluding third party culpability and in unduly restricting cross examination of witnesses.  The Court of Appeals affirmed his conviction on November 9, 1992.  (*Id.* at 5.)  Petitioner sought review from the California Supreme

---

[2] In these proceedings, Petitioner does not challenge his conviction or sentence, only the denial of parole.

1  Court, claiming ineffective assistance of counsel, untimely notification of appellate opinion, and
2  prejudicial error in jury instructions.  The California Supreme Court denied his appeal on April 27,
3  1994.  Petitioner's minimum eligible parole date ("MEPD") was July 12, 2005.  Petitioner's first parole
4  consideration hearing was held on September 8, 2004 and Petitioner was found unsuitable for parole for
5  two years.  Petitioners's next parole hearing was held on November 14, 2006.  Petitioner was again
6  found unsuitable for parole.  (*Id.* at Statement of Facts, p. 3., Lodgement 3, appellate habeas petition at
7  42-49).  The Board relied upon the following factors in concluding that Petitioner was not yet suitable
8  for parole and would pose an unreasonable risk of danger to society if released: 1) the offense was
9  carried out in an especially cruel and callous manner in that Seedat was particularly vulnerable while
10 giving Petitioner a ride in his van; 2) the offense was carried out in a dispassionate and calculated
11 manner in that Petitioner first pretended he had a toy gun, then loaded the gun and shot Seedat in the
12 face; 3) the offense demonstrated exceptionally callous disregard for human suffering, especially the
13 fear Seedat must have felt as Petitioner loaded the gun; 4) Petitioner has a prior history of assaultive
14 behavior and an escalating pattern of criminal conduct, including the fact that Petitioner was on
15 probation at the time of the offense; and 5) that the motive for the crime is inexplicable.  The Board was
16 most troubled by the fact that as recently as a 2004 psychological interview, Petitioner had claimed he
17 did not commit the crime.  The Board found that it "has to believe that your insight and therefore your
18 understanding of the nature and magnitude of this crime is as of yet undetermined, and you remained
19 unpredictable and a threat to public safety."  (Decision page 4, Lodgement 3 at 45.)

20        The Board also noted many positive factors in Petitioner's favor, including: 1) good work
21 reports; 2) completion of vocational training and college courses; 3) solid self-help programming; 4)
22 absence of misconduct; 5) psychological report of low risk for violence; and 6) documented plans for
23 residence and employment. (*Id.* at 43.)  The Board specifically noted that Petitioner "presented as a
24 mature adult.  You obviously have talents and have done impressive programming here in the institution
25 and other institutions.  And you have embarked on a program of disciplinary behavior.  It really appears
26 that you have gotten it."  (*Id.* at 45.)  The Board, however, concluded that Petitioner's unsuitability
27 factors outweighed the suitability factors.  (*Id.* at 47.)
28 //

### III. PROCEDURAL BACKGROUND

On June 21, 2007, Petitioner filed a habeas corpus petition in the San Diego County Superior Court, alleging that the Board violated his state and federal due process rights by failing to give adequate weight to the factors tending toward his suitability for parole. (Lodgement 1, Sup. Ct. Pet. at 12.) In the conclusion of the "Statement of the Case" Petitioner states that his "Due Process and Equal Protection rights has [sic] been violated." (*Id.* at 16.) Nowhere in the Petition, however, does Petitioner state any facts relevant to an equal protection claim. On August 10, 2007, the Superior Court, in a reasoned opinion, denied the Habeas Petition. (Lodgement 2, Superior Court Opinion.) The Superior Court found that Petitioner did have a liberty interest in release on parole that is protected by the procedural safeguards of the due process clause. The Court also found that there was no violation of Petitioner's due process rights because parole had properly been denied. (*Id.* at 7.) The opinion makes no mention of equal protection rights.

On December 4, 2007, Petitioner filed a Petition for Writ of Habeas Corpus in the Fourth District Court of Appeal. (Lodgement 3.) Petitioner again argued that his state and federal due process rights had been violated by the Board's decision. Petitioner again included the term "Equal Protection" in the conclusion section despite having alleged no facts in the Petition to state an Equal Protection claim. (*Id.*) On March 14, 2008, the Court of Appeals denied the Petition in reasoned decision. (Lodgement 4.) The Appeals Court found that the Board properly considered all the right factors and that the Petition had to be denied because the standard of review did not permit it to reweigh those factors. (*Id.* at 3.)

On March 24, 2008, Petitioner appealed the Appellate Court's denial of his Habeas Petition to the California Supreme Court. (Lodgement 5.) On May 21, 2008, the Supreme Court denied the petition for review. The entire Order consisted of: "The petition for review is denied." (*Id.*)

### IV. DISCUSSION

In order to properly exhaust state judicial remedies, a California state prisoner must generally present the California Supreme Court with a fair opportunity to rule on the merits of <u>every issue</u> raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). The petitioner must have raised the <u>very same</u> federal claims brought in the federal petition

before the state supreme court. *See Picault v. Connor*, 404 U.S. 270, 275-76 (1971); *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). Applications for writs of habeas corpus that contain unexhausted claims generally must be dismissed. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). However, federal courts have the discretion to <u>deny</u> a habeas application on the merits notwithstanding a petitioner's failure to fully exhaust state judicial remedies. 28 U.S.C.A. § 2254(b)(2) (West 2006); *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005) (holding that "a federal court may deny an unexhausted petition on the merits only when it is perfectly clear that the applicant does not raise even a colorable federal claim.")

### A. Exhaustion of the Equal Protection Claim

The Equal Protection Clause of the Federal Constitution's Fourteenth Amendment states that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV §1 . The Fourteenth Amendment's equal protection clause "is essentially a direction that all persons similarly situated should be treated alike." *Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). To assert a claim under the equal protection clause, petitioner must show that he was similarly situated to other defendants who received preferential treatment. *See Fraley v. Bureau of Prisons*, 1 F.3d 924, 926 (9th Cir. 1993); *see also McQueary v. Blodgett*, 924 F.2d 829, 834-35 & n.6 (9th Cir. 1991).

#### 1. The Claim Was Not Properly Presented

A habeas petitioner must exhaust his state court remedies before a habeas petition is properly before the federal court. A petitioner satisfies the exhaustion requirement by presenting the state court with both the controlling legal principles and the facts bearing upon his constitutional claim. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982). A petitioner cannot satisfy the exhaustion requirement by a mere reference to a broad constitutional guarantee. "[I]t is not enough to make a general appeal to a constitutional guarantee as broad as 'due process,' 'equal protection' and 'the right to a fair trial' to present the substance of such a claim to a state court." *Hudson v. California Dept. of Corrections*, 2008 WL 2676943 at * 4 (C.D. Cal July 7, 2008), *quoting Gray v. Netherland*, 518 U.S. 152, 163 (1996).

Respondent asserts that Petitioner failed to exhaust his equal protection claim because he did not allege any federal or state equal protection claims in any of his state court petitions. (*Respondent's Motion* at 3.) Petitioner fails to assert that he brought the equal protection claim in any of his state court

actions. Petitioner's only mention of exhaustion is to state that "inmates are not reqired [sic] to specially plead or demonstrate exhaustion in their complaint." (Oppositional [sic] Briefing at 1.) Petitioner cites *Jones v. Bock*, 549 U.S. 199, 219 (2007) as support for this assertion. *Jones* involved an action under 42 U.S.C. § 1983 and the Prison Litigation Reform Act, 42 U.S.C. §1997e. Accordingly, *Jones* is not on point.

Moreover, Respondent argues a failure of exhaustion, not merely the failure to affirmatively plead exhaustion. In this case, Petitioner has not shown that he actually exhausted his equal protection claim. The Court's review of the record demonstrates that Petitioner did not present any equal protection claim to any state court. Petitioner only mentioned the phrase "equal protection" in the conclusion sections of his superior court and appellate court habeas petitions. Petitioner did not demonstrate any facts or legal authority in either petition that would support a claim for equal protection. Accordingly, the claim is not exhausted.

### 2. The Claim is Technically Exhausted

Respondent argues that the equal protection claim is unexhausted. Therefore, dismissal of the entire petition is warranted because the petition is "mixed." A mixed petition, one that contains both exhausted and unexhausted claims, is subject to dismissal. *Rose v. Lundy*, 455 U.S. 509, 520-22 (1982). Respondent further argues that Petitioner has an available judicial remedy because he can bring an original habeas petition in the California Supreme Court. Respondent is mistaken. Petitioner cannot now bring his equal protection claim before the California Supreme Court because it would be procedurally barred. When a claim is procedurally barred, the claim is technically exhausted.

The exhaustion requirement may be satisfied notwithstanding a failure to present a claim to the state supreme court, "if it is clear that (the habeas petitioner's) claims are now procedurally barred under (state) law." *Gray v. Netherland*, 518 U.S. 152, 16-62 (1996), *quoting Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Engle v. Isaac*, 456 U.S. 107, 125-26 n.28 (1982) (noting that the exhaustion requirement applies "only to remedies still available at the time of the federal petition."); *Valerio v. Crawford*, 306 F.3d 742, 770 (9th Cir. 2002) (a procedurally barred claim satisfies exhaustion requirement), *citing Phillips v. Woodford*, 267 F.3d 966, 974 (9th Cir. 2001) ("the district court correctly concluded that [the] claims were nonetheless exhausted because 'a return to state court for exhaustion

would be futile.'"). "A habeas petitioner who has defaulted his federal claims in state court meets the *technical* requirements for exhaustion; there are no state remedies any longer 'available' to him." *Cassett v. Stewart*, 406 F.3d 614, 621 n.5 (9th Cir. 2005), *quoting Coleman v. Thompson*, 501 U.S. 722, 732 (1991); *see also* 28 U.S.C.A. § 2254(c) (West 2006) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.")

The State of California will not consider either successive petitions or delayed petitions without a showing of good cause. "Before considering the merits of a second or successive petition, a California court will first ask whether the failure to present the claims underlying the new petition in a prior petition has been adequately explained, and whether that explanation justifies the piecemeal presentation of the petitioner's claims." *In re Clark*, 5 Cal.4th 750, 774, rehearing denied (1993). A petitioner must show that he reasonably was unaware of the facts giving rise to the claim. " With the exception of petitions which allege facts demonstrating that a fundamental miscarriage of justice has occurred . . . unjustified successive petitions will not be entertained on their merits. *Id.* Similarly, an unexplained delay in filing a habeas petition would require the state court to reject the petition. *See e.g. People v. Amsbary*, 51 Cal.App.3d 75, 79 (1975) ("a petition for habeas corpus must be rejected where there is an unreasonable unexplained delay in filing it."); *Evans v.Chavis*, 546 U.S. 189, 199-200 (time periods of 30 to 60 days between filings is reasonable); *Culver v. Director of Corrections*, 450 F. Supp.2d 1135, 1140-41 (C.D. Cal 2006) (finding unexplained and unjustified delays of 71 and 97 days unreasonable under California law)

In this case, Petitioner's last habeas petition was denied by the California Supreme Court on May 21, 2008. If Petitioner were to bring a new petition, the delay would be at least nine months. This delay would not be found reasonable by the state courts and the petition would be rejected. Accordingly, Petitioner does not have any remaining state remedies and his equal protection claim is technically exhausted.[3] Because the claim is technically exhausted, the Petition is not mixed and

---

[3]The claim is likely procedurally defaulted. In order to proceed on a procedurally defaulted claim, a Petitioner must show good cause for his failure to properly present his claim to the state supreme court, and prejudice as a result of this Court's imposition of a procedural default, or show that a fundamental miscarriage of justice would result if habeas relief was denied as a result of the default.

dismissal of the entire Petition is unwarranted.

### B. The Equal Protection Argument Fails to State Sufficient Facts

A Court may dismiss a claim in a habeas application on the merits notwithstanding a petitioner's failure to fully exhaust state judicial remedies. 28 U.S.C.A. § 2254(b)(2) (West 2006); *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005) (holding that "a federal court may deny an unexhausted petition on the merits only when it is perfectly clear that the applicant does not raise even a colorable federal claim.")

To assert a claim under the equal protection clause, petitioner must show that he was similarly situated to other defendants who received preferential treatment. *See Fraley v. Bureau of Prisons*, 1 F.3d 924, 926 (9th Cir. 1993); *see also McQueary v. Blodgett*, 924 F.2d 829, 834-35 & n.6 (9th Cir. 1991). Once Petitioner makes that showing, the state would have to show that its actions were rationally related to a legitimate governmental interest. See *Harris v. McRae*, 448 U.S. 297, 326 (1980) (presumption of validity attaches when distinction not based on "suspect" classification, which would trigger strict scrutiny).

Petitioner does not make the threshold showing necessary because he does not state that he was similarly situated to anyone who received preferential treatment. In his "Oppositional Briefing" Petitioner explains that his equal protection claim is based upon the argument that the Board treated attempted murder (the crime for which he was convicted) as harshly as felony murder. Thus, Petitioner argues that the Board violated his rights by treating him as harshly as people who commit what he considers to be a more serious crime. This does not, and cannot, state a valid claim under the Equal Protection clause. Because there is no way that Petitioner can state a colorable claim under this argument, the equal protection claim should be dismissed.

### V. CONCLUSION AND RECOMMENDATION

For all of the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) directing that Respondent's Motion to Dismiss be GRANTED IN PART in that the Equal Protection claim be

---

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

1  dismissed and DENIED as to Dismissal of the entire Petition.

2  **IT IS ORDERED** that no later than **April 20, 2009** any party to this action may file written
3  objections with the Court and serve a copy on all parties. The document should be captioned
4  "Objections to Report and Recommendation."

5  **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and
6  served on all parties no later than **May 4, 2009.** The parties are advised that failure to file
7  objections with the specified time may waive the right to raise those objections on appeal of the Court's
8  order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156
9  (9th Cir. 1991).

11 DATED: March 13, 2009

13 Hon. Nita L. Stormes
   U.S. Magistrate Judge
14 United States District Court

20 CC: HON. IRMA E. GONZALEZ
21     ALL PARTIES