UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY A. BARTHOLOMEW,         ) | Civil No.08cv1270-IEG (NLS) |
| Petitioner,                                )  ) | |
| v.                                              ) ) | **REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY PETITION FOR WRIT OF HABEAS CORPUS** |
| KATHY MENDOZA-POWERS, Warden,  ) ) | |
| Respondent.                             ) ) | |

This Report and Recommendation is submitted to United States District Judge Irma E. Gonzalez pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California.

**I.     FEDERAL PROCEEDINGS**

Troy A. Bartholomew (hereinafter "Petitioner") is a California prisoner proceeding *pro se* with a Petition for a Writ of Habeas Corpus ("Pet.") pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Petitioner challenges the Board of Parole Hearings' ("Board") decision of November 14, 2006 denying parole. (Lodgement Number 3, Court of Appeals Petition at pp 42-48).[1] Petitioner alleges his confinement without being granted parole after his minimum eligible parole date has elapsed violates his due process

//

//

---

[1] A portion of the decision is also attached to Lodgement number 1, Superior Court Petition, but pages of the record and decision are missing from Lodgement number 1.

1 and equal protection rights under the United States Constitution.[2] Plaintiff claims the Board "[f]ailed to
2 conduct a fair and balance [sic] duly considered individualized consideration hearing for Petitioner [sic]
3 individualized case factors; which did not add to further seriousness of the convicted offense; violating
4 the Sixth Amendment, Fourteenth Amendment and the State and Federal Equal Protection Clause."
5 (Pet. at 6- 6a.). Petitioner claims the decision deprived him of his liberty interest in release on parole.

6 On November 10, 2008, Respondent Kathy Mendoza-Power ("Respondent") filed a Motion to
7 Dismiss Writ of Habeas Corpus. Respondent argued Petitioner failed to exhaust his available state
8 judicial remedies as to his Equal Protection claim and, therefore, the Petition was mixed and had to be
9 dismissed. Respondent argued, in the alternative, Petitioner's Equal Protection claim must be dismissed
10 for failure to allege sufficient facts to state an actionable claim for habeas corpus relief, and to the extent
11 Petitioner claims Equal Protection rights under the State Constitution, such claim failed to allege a
12 Federal question. The undersigned Magistrate Judge issued a Report and Recommendation, which was
13 adopted by the presiding judge, to dismiss the Equal Protection claim for failure to state a claim for
14 relief. Accordingly, the only remaining issue is Petitioner's due process claim.

15 On July 20, 2009, Respondent filed an Answer to the Petition. [Docket No. 17.] On September
16 2, 2009, Petitioner filed a Traverse. [Docket No. 19.] The matter is now fully briefed and suitable for
17 determination. For the following reasons, the Court Recommends that the Petition be Denied.

18 **II. PROCEDURAL BACKGROUND**

19 On June 21, 2007, Petitioner filed a habeas corpus petition in the San Diego County Superior
20 Court, alleging that the Board violated his state and federal due process rights by failing to give
21 adequate weight to the factors tending toward his suitability for parole. (Lodgement 1, Sup. Ct. Pet. at
22 12.) On August 10, 2007, the Superior Court, in a reasoned opinion, denied the Habeas Petition.
23 (Lodgement 2, Superior Court Opinion.) The Superior Court found that Petitioner did have a liberty
24 interest in release on parole that is protected by the procedural safeguards of the due process clause.
25 The Court also found that there was no violation of Petitioner's due process rights because parole had
26 properly been denied. (*Id.* at 7-8.)

---

28 [2] In these proceedings, Petitioner does not challenge his conviction or sentence, only the denial of parole.

On December 4, 2007, Petitioner filed a Petition for Writ of Habeas Corpus in the Fourth District Court of Appeal. (Lodgement 3.) Petitioner again argued that his state and federal due process rights had been violated by the Board's decision. On March 14, 2008, the Court of Appeals denied the Petition in a reasoned decision. (Lodgement 4.) The Appeals Court found that the Board properly considered all the appropriate factors and that the Petition had to be denied because the standard of review did not permit it to reweigh those factors. (*Id.* at 3.)

On March 24, 2008, Petitioner appealed the Appellate Court's denial of his Habeas Petition to the California Supreme Court. (Lodgement 5.) On May 21, 2008, the Supreme Court denied the petition for review. The entire Order consisted of: "The petition for review is denied." (*Id.*)

## III.  FACTUAL BACKGROUND

On June 25, 1991, Dr. Hassim Seedat granted Petitioner's request for a ride to work. (Lodgement Number 1, Superior Court Petition  "Sup. Ct. Pet."at 2.) After Dr. Seedat stopped for gas, Petitioner pointed a gun at him and said "pow". Petitioner then said it was only a cap gun and he was only trying to scare Seedat. After Seedat pulled away from the gas station, Petitioner again pulled out the gun and shot Seedat five times, hitting him in the arm, shoulder, jaw, and back of the head. The police found Petitioner hiding in a linen closet and arrested him. (*Id.* at Statement of Case at 2.) Petitioner was tried by a jury and found guilty of attempted first degree murder with great bodily injury, gun use, and prior enhancement. Plaintiff was convicted on November 15, 1991 and sentenced on December 26, 1991 to an indeterminate term of seven years to life, plus twelve years. (*Id.* at 2.)

Petitioner appealed his conviction, claiming that the trial court erred in excluding third party culpability and in unduly restricting cross examination of witnesses. The Court of Appeals affirmed his conviction on November 9, 1992. (*Id.* at 5.)  Petitioner sought review from the California Supreme Court, claiming ineffective assistance of counsel, untimely notification of appellate opinion, and prejudicial error in jury instructions. The California Supreme Court denied his appeal on April 27, 1994.  Petitioner's minimum eligible parole date ("MEPD") was July 12, 2005. Petitioner's first parole consideration hearing was held on September 8, 2004 and Petitioner was found unsuitable for parole for two years. Petitioners's next parole hearing, the subject of this petition, was held on November 14, 2006. Petitioner was again found unsuitable for parole. (*Id.* at Statement of Facts, p. 3., Lodgement 3,

Appellate Habeas Petition at Transcript 42-49).  The Board relied upon the following factors in concluding that Petitioner was not yet suitable for parole and would pose an unreasonable risk of danger to society if released:  1) the offense was carried out in an especially cruel and callous manner in that Seedat was particularly vulnerable while giving Petitioner a ride in his van; 2) the offense was carried out in a dispassionate and calculated manner in that Petitioner first pretended he had a toy gun, then loaded the gun and shot Seedat in the face; 3) the offense demonstrated exceptionally callous disregard for human suffering, especially the fear Seedat must have felt as Petitioner loaded the gun; 4) Petitioner has a prior history of assaultive behavior and an escalating pattern of criminal conduct, including the fact that Petitioner was on probation at the time of the offense; and 5) most troubling to the Board, the motive for the crime is inexplicable.  The Board was also troubled by the fact that as recently as a 2004 psychological interview, Petitioner had claimed he did not commit the crime.  The Board found that it "has to believe that your insight and therefore your understanding of the nature and magnitude of this crime is as of yet undetermined, and you remained unpredictable and a threat to public safety." (Lodgement 3 Decision , Transcript at 44-45.)

The Board also noted many positive factors in Petitioner's favor, including: 1) good work reports; 2) completion of vocational training and college courses; 3) solid self-help programming; 4) absence of misconduct; 5) psychological report of low risk for violence; and 6) documented alternatives for residence and prospective employment opportunities. (*Id.* at 43-44.)  The Board specifically noted that Petitioner "presented as a mature adult.  You obviously have talents and have done impressive programming here in the institution and other institutions.  And you have embarked on a program of disciplinary behavior.  It really appears that you have gotten it." (*Id.* at 45.)  The Board, however, concluded that Petitioner's unsuitability factors outweighed the suitability factors. (*Id.* at 47.)

**IV.    DISCUSSION**

    **A.    Standard of Review**

This Petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  *See Lindh v. Murphy*, 521 U.S. 320 (1997); *see also Redd v. McGrath*, 343 F.3d 1077, 1080 n.4 (9th Cir. 2003) (provisions of AEDPA apply when state prisoner challenges constitutionality of state administrative decision, such as denial of parole).  Under AEDPA, a habeas

petition will not be granted with respect to any claim adjudicated on the merits by the state court unless that adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d); *Early v. Packer*, 537 U.S. 3, 8 (2002). In deciding a state prisoner's habeas petition, a federal court is not called to decide whether it agrees with the state court's determination; rather, the court applies an extraordinarily deferential review, inquiring only whether the state court's decision was objectively unreasonable. *Yarborough v. Gentry*, 540 U.S. 1, 4 (2003); *Medina v. Hornung*, 386 F.3d 872, 877 (9th Cir. 2004). Additionally, the state court's factual determinations are presumed correct, and the petitioner carries the burden of rebutting this presumption with "clear and convincing evidence." 28 U.S.C.A. § 2254(e)(1).

A federal habeas court may grant relief under the "contrary to" clause if the state court applied a rule different from the governing law set forth in Supreme Court cases, or if it decided a case differently than the Supreme Court on a set of materially indistinguishable facts. *Bell v. Cone*, 535 U.S. 685, 694 (2002). The court may grant relief under the "unreasonable application" clause if the state court correctly identified the governing legal principle from Supreme Court decisions but unreasonably applied those decisions to the facts of a particular case. *Id.* Additionally, the "unreasonable application" clause requires that the state court decision be more than incorrect or erroneous; to warrant habeas relief, the state court's application of clearly established federal law must be "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). Clearly established federal law, for purposes of § 2254(d), means "the governing principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Id.* at 71-72.

**B.      Clearly Established Law for Denial of Parole**

In *Sass v. California Board of Prison Terms*, 461 F.3d 1123 (9th Cir. 2006), the Ninth Circuit held that the clearly established federal law for AEDPA purposes with respect to parole claims provides California prisoners with a liberty interest in parole, protected by the Due Process Clause of the Fourteenth Amendment to the Federal Constitution. *Id.* at 1127-28. The Ninth Circuit stated "the relevant question is whether there is any evidence in the record that could support the conclusion

reached by the disciplinary board." *Id.*, at 1128 *quoting Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). Respondent argues this holding does not rest on United States Supreme Court authority and the "some evidence" standard is not clearly established for purposes of AEDPA. [Answer at 5.] According to Respondent, the only clearly established Supreme Court authority describing the process due when there is a federal liberty interest in parole merely requires that the inmate be given an opportunity to be heard and to be advised of the reasons he was not found suitable for parole, pursuant to *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1 (1978).

In granting rehearing *en banc* in *Hayward v. Marshall*, 527 F.3d 797 (9th Cir. 2008), the Ninth Circuit is currently in the process of examining the questions of whether inmates possess a liberty interest in parole and, if so, whether the "some evidence" standard applies. The Court need not resolve this thorny legal issue at this time because Plaintiff's Petition must be denied, even assuming that all issues were to be resolved in Petitioner's favor. Even assuming a liberty interest in parole and the need to support a denial of parole with some evidence, Petitioner would still fail to state a valid claim for violation of his due process rights. As described more fully below, the Board cited "some evidence" to support the denial of parole.

The determination of whether to grant parole "is not part of the criminal prosecution so the full panoply of rights afforded a defendant in a criminal proceeding are not constitutionally mandated in a parole proceeding." *Pedro v. Or. Parole Bd.*, 825 F.2d 1396, 1398-99 (9th Cir. 1987). Accordingly, at a California state parole board proceeding, at most, the process to which an inmate is entitled is as follows: 1) the inmate must receive advance written notice of a hearing, *Pedro*, 825 F.2d at 1398; 2) the inmate must be afforded an "opportunity to be heard," *Greenholtz*, 442 U.S. at 16; 3) if the inmate is denied parole, the inmate must be told why "he falls short of qualifying for parole," *Id.*; and 4) the decision of the Board must be supported by "some evidence." *Sass*, 461 F.3d at 1129; *Superintendent, Mass. Correc. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

### C. The Parole Board Gave All Process that was Due

Petitioner does not assert that he was denied advance written notice of the hearing, an opportunity to be heard, or an explanation of why parole was denied. The transcript reflects that Petitioner was given an opportunity to be heard and the decision informs Petitioner why parole was

denied. (Lodgement 3, Transcript and Decision.) Petitioner's sole argument is that the Board's decision was not supported by "some evidence."

Under California law, parole determinations are to be made based on "[a]ll relevant, reliable information available." 15 Cal. Code Regs. § 2402(b). Such information includes the prisoner's social history; past and present mental state; past criminal history; the base and other commitment offenses; past and present attitude toward the crime; any conditions of treatment or control, including the use of special conditions under which the prisoner may safely be released to the community; and any other information which bears on the prisoner's suitability for release. 15 Cal. Code Regs. § 2402(b). Factors tending to indicate that a prisoner is suitable for parole include lack of a juvenile record, stable social history, signs of remorse, lack of violent history, advanced age, realistic plans for release, presence of marketable job skills, and good conduct while institutionalized. 15 Cal. Code Regs. §§ 2402(c), (d). Factors tending to demonstrate unsuitability for parole include a previous record for violent behavior, unstable social history, history of severe mental problems, and misconduct while institutionalized. Further, a prisoner may be found unsuitable if the prisoner "committed the offense in an especially heinous, atrocious or cruel manner," for instance, where the victim was abused, defiled or mutilated during or after the offense; the offense was carried out in a manner which demonstrates an exceptionally callous disregard for human suffering; or the motive for the crime is inexplicable or very trivial in relation to the offense. 15 Cal. Code Regs. § 2402(c)(1).

Here, the Board relied on many factors, as described above, including the cruel and callous manner in which the crime was committed, the inexplicable motive for the crime, Petitioner's prior history of assaultive behavior and an escalating pattern of criminal conduct, and the fact that Petitioner was on probation at the time of the offense. (Lodgement 3, Decision, Transcript at 45.) The factor that the Board seemed to rely upon most, however, was Petitioner's belated and recent acceptance of responsibility for the crime. The Board found that Petitioner's denial that he had committed the crime from 1991 thru 2004 lead to the conclusion that Petitioner's "insight and therefore your understanding of the nature and magnitude of this crime is as of yet undetermined, and you remained unpredictable and a threat to public safety." (*Id.*)

Petitioner argues that the Board "failed to duly consider any post-conviction mitigating

circumstances related to rehabilitative efforts that met the standard of parole suitability and release from custody." (Answer at 6c.) The Board, however, carefully considered all of the factors in Petitioner's favor, noting the vocational training, absence of misconduct and documented plans for residence and employment. Weighing the factors, the Board found that Petitioner remained a threat to public safety because the unsuitability factors outweighed the suitability factors.

Petitioner also argues that the Board improperly denied parole based on unchanging factors, such as the heinous nature of the offense. [*Petition*, 6-D.] Petitioner is correct that the Ninth Circuit has warned against continued reliance on unchanging factors to deny parole, which can turn an indeterminate sentence like Petitioner's into an effective life sentence without the possibility of parole. *See Biggs v. Terhune*, 334 F.3d 910, 916 (9th Cir. 2003). As the Ninth Circuit observed, denying parole based solely on factors beyond the prisoner's control "runs contrary to the rehabilitative goals espoused by the prison system and could result in a due process violation." *Id.* at 917. In this case, however, the Board did not rely solely on unchanging factors to deny parole. Although the Board pointed to some unchanging factors, such as the manner of the crime, the lack of motive and the Petitioner's prior history, the Board also relied on the changeable factor of Petitioner's (then) recent acceptance of responsibility for the crime. [*Lodgment No. 3*, Transcript at 45.] Thus, the Board's decision does not trigger the due process concerns raised by the Ninth Circuit in *Biggs*. Accordingly, the Court finds that Petitioner's claim is without merit, and therefore **RECOMMENDS** that the petition be **DENIED**.

### V.     CONCLUSION AND RECOMMENDATION

For all of the foregoing reasons, Petitioner has failed to show either an unreasonable application of clearly established federal law or an unreasonable determination of the Facts. Accordingly, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) directing that the Petition be Denied.

**IT IS ORDERED** that no later than ***January 15, 2010*** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than ***January 29, 2010***. The parties are advised that failure to file

objections with the specified time may waive the right to raise those objections on appeal of the Court's order.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156 (9th Cir. 1991).

DATED:  December 18, 2009

*[signature]*

Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court

CC:  HON. IRMA E. GONZALEZ
       ALL PARTIES